IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERRY CALVIN JR.                                              PLAINTIFF

v.                      CIVIL ACTION NO. 5:23-cv-103-DCB-BWR

DOUG TULINO,
ACTING POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE[1]                               DEFENDANT

ORDER TO CLARIFY

Before the Court is a Motion for Summary Judgment [ECF No. 23] that Doug Tulino, Acting Postmaster General for the United States Postal Service ("Defendant") filed.  Terry Calvin, Jr. ("Plaintiff"), who is proceeding pro se, responded in opposition.  [ECF No. 25].  Having reviewed all submissions from the parties, the Court finds inconsistencies regarding the preliminary issue of exhaustion of administrative remedies that require clarification.  As the government notes in its Memorandum brief, [ECF No. 24] at 5-6, "Before a federal civil servant can sue his employer in court for discriminating

---

[1] The government advises that, on March 24, 2025, the former named defendant, Louis DeJoy, resigned.  [ECF No. 37] n.1.  Doug Tulino, the Acting United States Postmaster General, replaced Postmaster General DeJoy.  Id.  Pursuant to Federal Rule of Civil Procedure 25(d), Doug Tulino is automatically substituted as the successor defendant in this matter.

1

against him in violation of Title VII, he must first exhaust his administrative remedies." Green v. Brennan, 578 U.S. 547, 136 S.Ct. 1769, 1775 (2016) (citing 42 U.S.C. § 2000e-16(c)). The Court also notes that the government asserts failure to exhaust administrative remedies as an affirmative defense, in part, to certain claims raised by Plaintiff in this lawsuit. [ECF No. 24] at n.6.

In order to clarify the record, the Court finds that facts and supporting evidence are needed to explain whether Plaintiff exhausted his administrative remedies on the second Equal Employment Opportunity ("EEO") claim that he filed.[2] Plaintiff states in his complaint that his second EEO claim is "pending" [ECF No. 1] at 1, but the Government represents in its Memorandum brief that all of Plaintiff's claims which were accepted for investigation in Plaintiff's second EEO complaint "were subsequently dismissed as lacking merit by the agency and on appeal by the Equal Employment Opportunity Commission." [ECF No. 24] at 5. The record contains no final decision from the EEO that references Plaintiff's second EEO claim.

The Court therefore requests that the parties clarify, on

---

[2] Plaintiff's second EEO claim, which he signed on December 4, 2022, is identified as agency case number 4G-350-0038-23 and EEO case number 420-2023-00109X. Plaintiff asserts in his second EEO claim that his employer retaliated against him and created a hostile work environment. These allegations are at issue in this action.

2

the record, the status of Plaintiff's second EEO complaint.  If the parties agree on the status, a joint statement so declaring may be filed in satisfaction of this Order.  If the parties are now of the position that the agency dismissed the second EEO complaint in its entirety under 29 C.F.R. § 1614.107, please so state and please supplement the record with a copy of the agency's final decision and notice of right to sue under 29 C.F.R. § 1614.110(b) that pertains to Plaintiff's second EEO complaint.  The parties shall submit the requested clarification to the Court no later than five (5) days from the date of this order.

    SO ORDERED, this the 29th day of May 2025.

                                         /s/  David C. Bramlette
                                  UNITED STATES DISTRICT JUDGE

.