```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


TERRY CALVIN JR.                                     PLAINTIFF

v.                        CIVIL ACTION NO. 5:23-cv-103-DCB-BWR

DAVID STEINER,[1]
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE                         DEFENDANT
```

ORDER

THIS MATTER is before the Court on Terry Calvin, Jr. ("Plaintiff")'s successive Rule 59(e) motions to alter or amend the Court's final judgment against him on summary judgment. [ECF No. 44]; [ECF No. 46].  David Steiner, Postmaster General for the United States Postal Service ("Defendant"), filed responses in opposition to both Rule 59(e) motions.  [ECF No. 45]; [ECF No. 49].  Plaintiff filed a reply [ECF No. 50] to one of Defendant's oppositions [ECF No. 49].  After reviewing the motions, the parties' submissions, and applicable law, the Court finds that Plaintiff's motions to alter or amend must be denied.

---

[1] Defendant advises that, by operation of Fed. R. Civ. P. 25(d), Postmaster General David Steiner, the successor to Acting Postmaster General Doug Tulino, should be substituted as the properly named Defendant. Postmaster General Steiner officially assumed his new position in July 2025.  [ECF No. 49], n.1.

DISCUSSION

Plaintiff filed both of his motions to alter or amend the final judgment within twenty-eight (28) days after entry of the Court's final judgment, [ECF No. 11]; the motions are therefore construed under Federal Rule of Civil Procedure 59(e).[2] Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012).

Fifth Circuit precedent warns that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). "A motion under Rule 59 cannot be used to raise arguments or claims 'that could, and should, have been made before the judgment issued.'" Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012) (quoting Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co., 542 F.3d 1053, 1058 (5th Cir. 2008). Rule 59(e) does not give an unsuccessful litigant the chance to submit evidence and legal theories that could have been offered before the entry of judgment, Templet, 367 F.3d at 479, and it is not intended to give an unhappy litigant another chance to sway the judge.

---

[2] Rule 59(e) provides:

… (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.
Fed. R. Civ. P. 59(e).

Case 5:23-cv-00103-DCB-BWR   Document 53   Filed 12/15/25   Page 3 of 6

Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Only three scenarios are appropriate for amending a judgment pursuant to Rule 59(e): (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012). Plaintiff claims to satisfy all three scenarios, but the Court finds that he satisfies none.

First, Plaintiff cites to no intervening change in controlling law. He offers a list of five cases for the Court's reconsideration, each of which predates the filing of his lawsuit and were decided by various courts from 1993 to 2015. [ECF No. 46] at 2; [ECF No. 46-1]. These cases do not constitute an intervening change in controlling law that merits amendment of the judgment under Rule 59(e).

Second, Plaintiff claims to present "new evidence" in the form of certain employment records related to a leave request that he made in 2023. [ECF No. 50]. Plaintiff explains that he "discovered an old PS Form 3971 (a request for leave)" prior to trial and before the Court granted Defendant's summary judgment motion. Id. at 1. The employment documents, which Plaintiff

3

neglected to present as summary judgment proof, do not qualify as newly discovered evidence that was previously unavailable. The Fifth Circuit has provided a framework of factors for district courts to consider when a Rule 59(e) movant submits evidentiary materials that were not presented to the district court on summary judgment, which include: 1) the reasons for the moving party's default; 2) the importance of the omitted evidence to the moving party's case; 3) whether the evidence was available to the non-movant before it responded to the summary judgment motion; and 4) the likelihood that the non-moving party will suffer unfair prejudice if the case is reopened. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990), overruled on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994); see also Templet, 367 F.3d at 478.

   Examining Plaintiff's motions under the Lavespere framework, Plaintiff claims that his "new evidence was not submitted earlier because Plaintiff expected to testify at trial."  [ECF No. 46] at 2.  Apparently believing that the Court would rule in his favor on summary judgment, Plaintiff anticipated that a bench trial would occur, and he made a strategic decision to hold back summary judgment evidence until trial.  [ECF No. 44] at 1; [ECF No. 46] at 2; [ECF No. 50] at 1. This strategy failed, and it offers no excuse for Plaintiff's

4

failure to present additional employment documents at the summary judgment stage of the litigation.  Plaintiff does not deny that these documents were available to him during the summary judgment proceedings.  The Court's ruling on summary judgment was based on a litany of reasons set forth in its Memorandum Opinion and Order, [ECF No. 42], and the Court is not persuaded that the now-proffered records would be of any consequence to the summary judgment outcome.  Reopening the case would be unwarranted, prejudicial to Defendant, and unnecessarily costly for all parties.

　　　Regarding the final prong of Rule 59(e), Plaintiff argues that his motions should be granted "to correct a clear error of law and prevent manifest injustice."  [ECF No. 46] at 2.  By ruling against him on summary judgment, Plaintiff claims that the Court "closed the case prematurely."  He repeats that he should be permitted to submit his "newly submitted documents" (addressed above), which he describes as "correct[ing] material gaps" in his claims.  Id.  This admission suggests error on the part of Plaintiff's prima facie case rather than a clear error of law made by the Court.  Finally, the Court notes that Plaintiff attributes his missteps in large part to a courtesy email that the Court sent to defense counsel and Plaintiff, who has represented himself pro se, regarding a delay in the trial scheduling.  [ECF No. 44] at 1; [ECF No. 46] at 2; [ECF No. 50]

5

at 1.  The Court's courtesy scheduling communication cannot be reasonably construed to indicate that Plaintiff would prevail on the pending motion for summary judgment and be able to present "live evidence" at trial as Plaintiff now asserts, and it provides no grounds to reopen this case.

Accordingly,

IT IS ORDERED THAT Plaintiff's Motions to Alter or Amend Judgment, [ECF Nos. 44 and 46] are **DENIED**.

SO ORDERED this 15th day of December 2025.

                                          /s/ David C. Bramlette
                                 UNITED STATES DISTRICT JUDGE